988 F.2d 121
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John William SHEA, Plaintiff-Appellant,
v.
Curt CHISHOLM, State Institutions Director; Jack McCormick;
Gary Weer; Mike Mahoney; Errol Bencke,
Defendants-Appellees.
 No. 93-35449.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided March 3, 1993.
 
 Appeal from the United States District Court for the District of Montana; No. CV-91-29-BV, Paul G. Hatfield, District Judge, Presiding.
 D.Mont.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John William Shea, a Montana state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 civil rights action against prison officials pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim. The district court found that Montana State Prison Policy No. MSP 16-002 does not create a protected liberty interest in visitations. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.
 
 
 3
 The threshold question under any due process claim is whether a protected liberty or property interest is involved. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989). Only if such an interest exists do we then turn to examine the adequacy of the procedures used in achieving the deprivation in order to ensure that they comport with due process concerns. Matthews v. Eldridge, 424 U.S. 319, 334-35 (1976).
 
 
 4
 On March 24, 1990, Shea was found to be in possession of contraband after a visit by his wife, Carol Crittendon, and Shea's visitation privileges were suspended. After disciplinary proceedings, Shea's visitation privileges were reinstated. Subsequently, Montana State Prison personnel received confidential information that Crittendon continued to bring contraband into the prison on a regular basis. On March 10, 1991, Crittendon was denied entrance to the prison after she refused to allow the visiting room officer to conduct a strip search. Prison officials issued Crittendon a "Visiting Termination Notice" and terminated Shea's visitation privileges with her for "an indefinite [period] pending a disciplinary hearing." Shea requested and was granted a hearing. The hearing officer recommended that Shea's visits with Crittendon be limited to the "non-contact area." Shea brought this section 1983 action alleging that prison officials violated his due process rights by failing to give notice and a hearing prior to the termination of his visitation privileges with Crittendon.
 
 
 5
 It is undisputed that Montana State Prison Policy No. MSP 16-002 governs prison visitations. This policy makes it clear that a spouse or other family member's visiting privileges may be terminated for being under the influence of alcohol or drugs, refusing to submit to a personal search, failure to provide adequate identification, failure to properly supervise children, being improperly dressed, making improper physical contact with the inmate, and so on. The regulation further states that the Warden may suspend privileges indefinitely or permanently "[f]or serious violations of visiting rules, such as introducing contraband." Accordingly, the regulation presents "substantive predicates" to guide official discretion. Id. at 463. However, prison authorities are not bound to any particular outcome upon the appearance of one of these factors, nor must a visitor fall within one of the prescribed categories in order to be allowed or denied visiting privileges. In short, the regulation is permissive in nature and prison officials retain ample discretion to implement it. Therefore, the regulation lacks the mandatory language necessary to create an enforceable liberty interest. See Thompson, 490 U.S. at 465.
 
 
 6
 Shea further contends that there was insufficient evidence in the record to support the prison's decision to limit his visitation privileges with his wife. Because we find that there was some evidence in the record to support a reasonable suspicion that Crittendon was smuggling contraband to Shea, there was sufficient evidence in the record to support defendants' decision to restrict Shea's privileges. See Superintendent v. Hill, 472 U.S. 445, 455-56 (1985) (question presented is whether there is any evidence in the record to support the board's conclusion).
 
 
 7
 Accordingly, for these reasons, along with those articulated by the district court, we affirm the district court's dismissal of this action.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3